# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ROBERT BEAUSOLEIL, | ) ) |
| Plaintiff | ) C.A. No. 18-34 Erie |
| v. | ) ) ) District Judge Susan Paradise Baxter |
| ERIE COUNTY PRISON, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

### I. INTRODUCTION

#### A. Relevant Procedural and Factual History

Plaintiff Christopher Robert Beausoleil, an individual formerly incarcerated at the Erie County Prison in Erie, Pennsylvania,[1] instituted this *pro se* civil rights action on January 29, 2018, pursuant to 42 U.S.C. § 1983, against Defendants Erie County Prison ("ECP") and Stacey Petruso, a nurse at ECP. In his complaint, Plaintiff raises a single claim that he was denied access to medical care on December 17, 2017, alleging the following:

> I went to the medication line in the morning of 12/17/17. I was given my meds which I took. One of my pills was stuck to my tongue. The nurse said there is a pill on your tongue. I took another drink and opened my mouth. The nurse said nothing so I went back to my cell. A couple minutes later I was brought to the RHU for supposedly [sic] hoarding meds. I was given 10 days in the RHU and had all my medications taken away from me for 35 days. They say the policy states 30 days without medication for any abuse of the medication system.

(ECF No. 3, Complaint, at Section IV.C). As relief for his claims, Plaintiff requests

---

[1] According to the docket, Plaintiff is currently incarcerated at the State Correctional Facility at Camp Hill, Pennsylvania.

monetary damages in the amount of $1,000,000, and injunctive relief in the form of a change in ECP's medication policy. (Id., at Section VI).

On April 6, 2018, Defendant ECP filed a motion to dismiss Plaintiff's complaint [ECF No. 17] arguing, *inter alia*, that Defendant ECP is not a "person" that can be sued under 42 U.S.C. §1983. Defendant Petruso subsequently filed her own motion to dismiss on April 9, 2018 [ECF No. 19], arguing, *inter alia*, that Plaintiff has failed to raise any allegations against her upon which relief may be granted. Plaintiff has since filed a response to both motions, entitled a "motion for judgment on the pleadings." [ECF No. 26]. This matter is now ripe for consideration.

**B.     Standards of Review**

**1.     Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(6)**

Defendants' motions are predicated on Rule12(b)(6) of the Federal Rules of Civil Procedure. "'When considering a Rule 12(b)(6) motion, we accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Wayne Land & Mineral Grp. LLC v. Delaware River Basin Comm'n, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted). In applying this standard, Court "need not accept as true 'legal conclusions' or '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements....'" Wilson v. City of Phila., 415 F. App'x 434, 436 (3d Cir. 2011), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (alteration and ellipsis in the original); see Papasan v. Allain, 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Similarly, the

Court need not accept "unwarranted inferences." Doug Grant, Inc. v. Greate Bay Casino Corp., 232 F.3d 173, 184 (3d Cir. 2000) (internal quotation marks and citation omitted).

In order to survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., citing Twombly, 550 U.S. at 556. The plaintiff must tender more than mere "'naked assertion[s]' devoid of 'further factual enhancement.'" Id., quoting Twombly, 550 U.S. at 557).

In conducting a Rule 12(b)(6) analysis, the Court may consider 'only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon [those] documents.'" Wayne Land, 894 F.3d 509, 526–27 (3d Cir. 2018) (internal quotation marks and citations omitted) (alteration in the original).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552,

555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## II. DISCUSSION

### A. Defendant ECP

Defendant ECP asserts that Plaintiff's claims against it must fail because the prison is not a proper person against whom a civil rights claim may be brought under 42 U.S.C. § 1983. The Court agrees. "In the Third Circuit, it is well-settled that a prison or correctional facility is not a "person" that is subject to suit under federal civil rights laws." Regan v. Upper Darby Twp., 2009 WL 650384 (E.D.Pa. 2009), aff'd 363 Fed. Appx. 917 (3d Cir. 2010) (listing cases). Thus, Plaintiff's claim against Defendant ECP will be dismissed.

### B. Defendant Petruso

Defendants Petruso moves to dismiss Plaintiff's claims against her because the complaint includes no allegations against her and is, thus, "patently frivolous against her." (ECF No. 19, at p. 1).

It is well-settled that liability under § 1983 requires a defendant's "personal involvement" in the deprivation of a constitutional right. See Gould v. Wetzel, 2013 WL 5697866, at *2 (3d

Cir. Oct. 21, 2013), citing Argueta v. U.S. Immigration and Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011). This means that the defendant must have played an "affirmative part" in the complained-of misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) ("In a § 1983 suit … [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); Oliver v. Beard, 358 Fed. Appx. 297, 300 (3d Cir. 2009); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986).

Here, Plaintiff has failed to set forth any factual basis to establish Defendant Petruso's personal involvement in any alleged unconstitutional conduct. In fact, the complaint is utterly devoid of any allegations or claims against Defendant Petruso upon which relief may be granted. As a result, Plaintiff's claim against Defendant Petruso will be dismissed.

An appropriate Order follows.